Elizabeth M. Ghanem, Esq.
Nevada Bar No. 6987
GHANEM & SULLIVAN, LLP
8861 W. Sahara Avenue, Suite 120
Las Vegas, NV 89117
Telephone: (702) 862-4450
Facsimile: (702) 862-4422
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELENA VEGA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROBERT BARNES, an individual;<br>COMMUNITY COLLEGE OF SOUTHERN<br>NEVADA, a Nevada corporate entity;<br>UNIVERSITY AND COMMUNITY<br>COLLEGE SYSTEM OF NEVADA, a<br>political subdivision of the State of Nevada;<br>and ROES 1 through 10.<br>                    Defendants. | Case No.<br><br><br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL** |

Plaintiff, ELENA VEGA ("Plaintiff"), by and through her attorneys, Ghanem & Sullivan, LLP, complain and allege as follows:

## PARTIES

1.      That Plaintiff is, and at all times relevant herein, was, a citizen of the State of Nevada.

2.      Plaintiff is informed and believes and based thereon alleges that defendant ROBERT BARNES ("Barnes") is, and at all times relevant hereto, was a resident of Clark County, Nevada.

3.      Plaintiff is informed and believes and based thereon alleges that defendant COMMUNITY COLLEGE OF SOUTHERN NEVADA ("CCSN") is, and at all times relevant hereto, was, a Nevada entity organized and existing under the laws of the State of Nevada with its principal place of business in the State of Nevada.

4.      Plaintiff is informed and believes and based thereon alleges that defendant UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA ("UCCSN") is, and at all times relevant hereto, was, a political subdivision of the state of Nevada organized and existing under the laws of the State of

Nevada with its principal place of business in the State of Nevada.

5.      Plaintiff is ignorant of the true names and capacities of Defendant Employers, sued as ROES 1 through 10 inclusively, and therefore, Plaintiff sues said Defendant Employers by such fictitious names. Plaintiff reserves the right to amend the complaint to name the ROE Defendant Employers individually or collectively as they become known. Plaintiff alleges that each of the defendant Employers named as ROES was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when same has been ascertained by Plaintiff.

6.      It is further alleged on information and belief that the named and unnamed defendants in the complaint may be alter egos of the Defendant Employers.

## JURISDICTION

7.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331 as this action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff alleges violations of 42 U.S.C. §2000e et seq. and 42 U.S.C. §1983. This Court has supplemental subject matter jurisdiction over the Nevada state law causes of action under 28 U.S.C. §1367 as the Nevada state law causes of action are part of the same case or controversy as the federal claims.

8.      Venue in this district is appropriate under 28 U.S.C. §1391 as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Clark County, Nevada.

9.      Prior to institution of this lawsuit, Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. § 1601.13.  A right to sue letter has been issued to Plaintiff.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS COMMON TO ALL CLAIMS

10.     At all relevant times, Defendant UCCSN and/or CCSN ("Defendant Employers"), have continuously been and are now doing business in the State of Nevada, County of Clark, and City of Las Vegas, Nevada.

11.     In or around July of 2004, Plaintiff, Elena Vega began her employment with UCCSN and/or CCSN as a custodian.

12.     Plaintiff was assigned the graveyard shift and worked under the supervision of Mr. Robert Barnes ("Barnes"), an employee of UCCSN and/or CCSN.

13.    Almost immediately after beginning employment, Plaintiff was accosted by Barnes in the custodial room assigned to her in the form of verbal and physical sexual harassment. These actions were unwelcome and so severe and pervasive as to alter the conditions of Plaintiff's employment thereby creating a hostile work environment.

14.    These unlawful actions by Barnes continued against Plaintiff and other similarly situated individual women and impacted the terms and conditions of their employment and created a hostile work environment.

15.    In or around August of 2005, Plaintiff formally complained to another supervisor, also an employee of UCCSN and/or CCSN who allegedly filed a formal complaint with human resources of CCSN. Upon information and belief, a formal complaint was filed with human resources of CCSN on behalf of Plaintiff or by Plaintiff directly on at least 3 (three) separate occasions.

16.    UCCSN and/or CCSN failed to take prompt and appropriate action under the laws and their own harassment policies.

17.    Plaintiff was further subjected to retaliation in the form of denied leave and disadvantageous transfers.

18.    It was not until after Plaintiff filed a charge of discrimination with EEOC that UCCSN and/or CCSN took action.

## FIRST CLAIM FOR RELIEF
### (Respondeat Superior)

19.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

20.    At the time of the sexual harassment, Barnes was employed by UCCSN and/or CCSN and was acting within the course and scope of his employment.

21.    Under the Doctrine of Respondeat Superior, Defendant UCCSN and/or CCSN, is vicariously liable, jointly and severally, for the actions or inactions towards Plaintiff and the damages resulting therefrom.

22.    Under the Doctrine of Respondeat Superior, Defendant UCCSN and/or CCSN is vicariously liable, jointly and severally, for any negligent and/or willful and malicious conduct of Barnes at the time of the harassment described herein.

23.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff has suffered damages in an amount to be determined at trial.

24.     Also as a direct and proximate result of the actions of Defendants, Plaintiff has been forced to retain the services of the law firm of Ghanem & Sullivan to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

**(Sexual Harassment-- Violation of 28 U.S.C. §2000e** *et seq.* **against Barnes and UCCSN/CCSN)**

25.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

26.     During the course and scope of employment with UCCSN and/or CCSN, Plaintiff was subjected to verbal and/or physical conduct of a harassing nature by Barnes, one of Plaintiff's supervisors.

27.     The harassing verbal and/or physical conduct was sexual in nature and because of the Plaintiff's gender, female.

28.     The harassing verbal and/or physical conduct was unwanted and unwelcomed by the Plaintiff. Barnes' continued verbal and/or physical conduct was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment thereby creating a hostile work environment.

29.     Plaintiff reported these incidents to her direct supervisor and ultimately to the department of human resources for CCSN.

30.     CCSN and/or UCCSN are liable to Plaintiff for Barnes' harassing verbal and physical conduct toward Plaintiff.

31.     Plaintiff suffered damages as a result of the harassing conduct in an amount to be proven at trial.

32.     It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action. Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

## THIRD CLAIM FOR RELIEF
### (Violation of 42 U.S.C. §2000e-3(a) - Retaliation)

33.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

34.     During Plaintiff's course of employment, and after complaining and eventually filing a complaint with human resources for CCSN, Plaintiff was retaliated against by being given

disadvantageous assignments and/or transfers and denial of time off with pay as usually provided to visit with her daughter on leave from the military.

35.     An individual named "Rose" (last name unknown) who was employed at CCSN and worked directly with Barnes, and was aware of Plaintiff's complaint. Rose was in charge of the scheduling and leave and denied the requested leave.

36.     Upon information and belief, the denial was due to the protected activity of filing a complaint against Barnes.

37.     Plaintiff suffered damages as a result of the harassing conduct in an amount to be proven at trial.

38.     It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action. Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

## FOURTH CLAIM FOR RELIEF

### (Intentional/Negligent Infliction of Emotional Distress)

39.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

40.     Defendant Barnes intentionally or recklessly engaged in extreme and outrageous conduct of cornering Plaintiff in her custodial room, stroking Plaintiff's hair, asking for "kisses" and making remarks of a sexual nature aimed at causing emotional distress.

41.     Plaintiff did in fact suffer severe emotional distress as a result of defendant Barnes conduct and failure of UCCSN and/or CCSN to take appropriate action.

42.     Plaintiff suffered damages as a result of the harassing conduct in an amount to be proven at trial.

43.     It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action. Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

## FIFTH CLAIM FOR RELIEF

### (Assault)

44.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

45.     Barnes intended to cause harmful and offensive physical contact to Plaintiff by, amongst other

1    actions, stroking her hair and cornering her in a custodial room, coming in close physical contact with
     Plaintiff and asking for a "kiss".

2    46.    By these actions, Plaintiff was put in apprehension of such contact.

3    47.    Plaintiff suffered damages as a result of the harassing conduct in an amount to be proven at trial.

4    48.    It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this

5    action.  Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

6                                  **SIXTH CLAIM FOR RELIEF**

7                                          **(Battery)**

8    49.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth

9    herein.

10   50.    Barnes intended to cause harmful and offensive physical contact to Plaintiff by, amongst other

11   actions, stroking her hair and cornering her in a custodial room, coming in close physical contact with

12   Plaintiff and asking for a "kiss".

13   51.    Contact occurred with Plaintiff when he stroked her hair.

14   52.    Plaintiff suffered damages as a result of the harassing conduct in an amount to be proven at trial.

15   53.    It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this

16   action.  Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

17                               **SEVENTH CLAIM FOR RELIEF**

18          **(Negligent Supervision against UCCSN, CCSN, and Board of Regents)**

19   54.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth

20   herein.

21   55.    UCCSN and/or CCSN, owed a duty to supervise their employees.

22   56.    UCCSN and/or CCSN, breached the duty of care by failing to adequately supervise the actions

23   taken by Barnes against individual female custodians and by failing to take corrective action for

24   unlawful employment practices they knew, or should have known, were occurring.

25   57.    The breach described in the preceding paragraph was the legal cause for Plaintiff's injuries. Had

26   UCCSN and/or CCSN, adequately supervised Barnes, then Plaintiff would not have been subjected to a

27   hostile work environment.

28

58.   Plaintiff suffered damages as a result of the negligent supervision practices of UCCSN and/or CCSN, in an amount to be proven at trial.

59.   It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action. Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

**WHEREFORE,** Plaintiff demands that judgment be entered in their favor as follows:

1.   For an award of compensatory damages in an amount to be proven at trial;

2.   For an award of punitive damages.

3.   For costs of suit incurred herein;

4.   For reasonable attorneys' fees; and

5.   For such other and further relief as this Court deems just and proper.

<u>**JURY DEMAND**</u>

In accordance with Fed. R. Civ. P. 38 Plaintiff hereby demands a trial by jury for all claims so triable.

DATED this ___27th___ day of August, 2007.

GHANEM & SULLIVAN, LLP

By _____
ELIZABETH M. GHANEM, ESQ
Nevada Bar No. 6987
8861 W. Sahara, Suite 120
Las Vegas, Nevada 89117
ATTORNEYS FOR PLAINTIFF